**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Carl S. Jones, Jr., Anthony Lee, | ) | |
| Charles Lantzy, Christian Stevens, | ) | Civil Action No. 2:21-cv-1094 |
| Courde Daye, Daelon Hill-Johnson, | ) | |
| Daniel Miles, Daymond Wiggins, | ) | |
| Devin Hale, Devon Thompson, Elijah | ) | Magistrate Judge Lisa Pupo Lenihan |
| Price, Geron Anderson, Jaimone | ) | |
| Robinson, Jaque David, Jeremy | ) | |
| Carson, Jermaine Dehonney, Juan | ) | |
| Hayden, Justin Parrotte, Mario Wall, | ) | |
| Martell Smith, Nathaniel | ) | |
| Weatherspoon, Racoco Williams, | ) | |
| Raymond Harrison, Roman Jones, | ) | |
| Stephen Day, Thomas Morton, To- | ) | |
| Michael Sherrell, William Lynn, Zai- | ) | |
| Quan Henderson, Jermaine Rodgers, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| County of Allegheny and Warden | ) | |
| Orlando L. Harper, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## <u>MEMORANDUM ORDER</u>

This case is brought by thirty *pro se* plaintiffs who are all currently or were formerly confined at the Allegheny County Jail.  The Complaint asserts claims against the Defendants for unconstitutional conditions of confinement at the Allegheny County Jail in relation to Covid-19. (ECF No. 6.)  There are several matters that must be addressed at this time.

### A.  <u>Pending Motions to Proceed *in forma pauperis*</u>

In an Order dated August 20, 2021, the Court informed the plaintiffs that this case could only proceed in this Court if either the full $402.00 filing fee was paid up front or each plaintiff

was granted leave to proceed *in forma pauperis*.  (ECF No. 4.)  The Court also noted that the only plaintiff to have submitted a motion for leave to proceed *in forma pauperis* at that time was Plaintiff Carl S. Jones, Jr, which motion the Court granted that same day.  (ECF No. 5.)  In response to the Court's Order informing the plaintiffs of the filing fee, the full $402.00 filing fee was paid on September 10, 2021.  (ECF No. 15.)  As such, the Court vacated its previous order granting Plaintiff Jones' motion for leave to proceed *in forma pauperis* and denied Plaintiff Daelon Hill-Johnson's motion for leave to proceed *in forma pauperis* as moot.  (ECF Nos. 19 & 20.)  There are currently three additional motions for leave to proceed *in forma pauperis* pending before the Court filed by Plaintiffs Elijah Price, Devon Thompson and Martell Smith.  (ECF Nos. 21, 23, 25.)  Because the filing fee has been paid, these motions will also be denied as moot.

    **B.  <u>Federal Rule of Civil Procedure 11</u>**

       Rule 11 of the Federal Rules of Civil Procedure requires that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – *or by a party personally if the party is unrepresented*. . . .  The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention."  Fed. R. Civ. P. 11(a) (emphasis added).  The Court notes that the only plaintiff to have signed the Complaint is Carl S. Jones, Jr.  However, as a non-lawyer, Plaintiff Jones is only authorized to represent his own interests in this case and is not empowered to "represent" the interests of other unrepresented parties.  This rule is, first, prescribed by statute:  "In all courts of the United States *the parties may plead and conduct their own cases personally or by counsel* as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."  28 U.S.C. § 1654 (emphasis added).  In keeping with this statutory language, the Third Circuit Court of Appeals has instructed that "a nonlawyer appearing *pro se* [is] not entitled to play the

role of attorney for [other *pro se* parties] in federal court." <u>Osei-Afriyi by Osei-Afriyie v. Med.</u> <u>Coll. of Pennsylvania</u>, 937 F.2d 876, 882 (3d Cir. 1991).

Because the Complaint is signed only by Plaintiff Carl S. Jones, Jr., it cannot be treated as a *pro se* filing on behalf of the other twenty-nine plaintiffs. Pursuant to Rule 11, the Court must strike the Complaint to the extent that it is filed on behalf of the other plaintiffs unless they each sign it. By signing a pleading, a party "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). To satisfy the affirmative duty imposed by Rule 11, an attorney or party must inquire into both the facts and the law before filing papers with the court. <u>Bus. Guides, Inc.</u> <u>v. Chromatic Communications Enterprises, Inc.</u>, 498 U.S. 533, 545 (1991). This requirement applies equally to "attorneys, parties represented by attorneys, and parties who appear pro se." <u>Id</u>. A party may be subject to sanctions for violating Rule 11(b). Fed. R. Civ. P. 11(c).

Because the Court recognizes that most, if not all, of the plaintiffs are incarcerated and at various facilities, and for that reason it would be next to impossible for each plaintiff to sign one single Complaint, the Court will direct the Clerk of Court to send a copy of the Complaint, without the exhibits, to each plaintiff besides Plaintiff Carl S. Jones, Jr. and the plaintiffs

identified in the following section.[1]  The plaintiffs will have until October 25, 2021, to sign and return the Complaint to the Court.  The Court places each plaintiff on notice that the failure to comply will result in the dismissal of this action for failure to prosecute as to them pursuant to Rule 41 of the Federal Rules of Civil Procedure.

### C.  **Returned Mail**

The Court notes that the following plaintiffs had mailings from the Court returned with messages written on the envelopes indicating that they were either gone or released from the Allegheny County Jail:  Christian Stevens, Carl S. Jones, Jr., Justin Parrotte, Racoco Williams, Nathanial Weatherspoon, Jaimone Robinson, Thomas Morton, William Lynn and Charles Lanzty.  (ECF No. 28.)  While Plaintiff Carl S. Jones, Jr. and Plaintiff Thomas Morton have both since notified the Court of changes in their address, the other plaintiffs have not.  Because the Court has been notified that these plaintiffs are no longer incarcerated at the Allegheny County Jail, and because they have not since updated their addresses with the Court, the Court is not able to serve documents upon them.  And, as such, until they file a notice of change of address, the Court will no longer serve documents upon Plaintiffs Christian Stevens, Justin Parrotte, Racoco Williams, Nathanial Weatherspoon, Jaimone Robinson, William Lynn and Charles Lanzty.  These plaintiffs will have until October 25, 2021, to file a Notice of Change of Address with the Court, and, if they fail to comply, then they will be dismissed from this action for failure to prosecute pursuant to Rule 41.  If any plaintiff does file a Notice of Change of Address by the deadline then the Clerk of Court is directed to mail them a copy of this Order along with a copy of the Complaint so that they, too, can sign and return it.

---

[1] There are 54 pages of exhibits.  If any plaintiff wishes to receive copies of the exhibits then they are to send a request to the Court along with the appropriate amount of funds.  The Clerk of Court will provide copies of documents at a rate of ten cents ($0.10) per page.

**D.  Motion to be Added as a Plaintiff filed by Cody Smith**

Finally, the Court has received a Motion to be Added as a Plaintiff to this Action by an individual named Cody Smith who claims that he also contracted Covid-19 while an inmate at the Allegheny County Jail in February 2021.  (ECF No. 16.)  He states that he would like to be added as a plaintiff "to the class".  The Court notes that while it appears that the plaintiffs may believe that this is a class action, no motion or application for class certification has been filed and it does not appear that any plaintiff, including Plaintiff Carl S. Jones, Jr., is suing as a class representative as there is no mention in the Complaint that he is.

Federal Rule of Civil Procedure 23(a) provides that "[o]ne or more members of a class may sue or be sued as representative parties on behalf of all members only if:

(1) the class is so numerous that joinder of all members is impracticable;

(2)  there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class."

However, *pro se* plaintiffs are not favored as representative parties in a class action as they generally cannot represent and protect the interests of the class fairly and adequately.  *See* Carter v. Taylor, 540 F. Supp. 2d 522, 527 (D. Del. 2008) ("When confronting such a request from a prisoner, courts have consistently held that a prisoner acting pro se 'is inadequate to represent the interests of his fellow inmates in a class action.'"); Caputo v. Fauver, 800 F.Supp. 168, 170 (D.N.J. 1992) ("[E]very court that has considered the issue has held that a prisoner proceeding *pro se* is inadequate to represent the interests of his fellow inmates in a class action."); Krebs v. Rutgers, 797 F.Supp. 1246, 1261 (D.N.J. 1992) (denying class certification to *pro se* plaintiffs

without sufficient legal education).  *See also* <u>Awala v. New Jersey Dept. of Corrections</u>, 227 F. App'x 133, 134 (3d Cir. 2007) (affirming the district court's dismissal of a *pro se* prisoner's complaint after finding that he would not be able to adequately represent the interests of the class and maintain the suit as a class action, especially given his lack of formal training in the law and the fact that he is no longer being detained in the same prison facility as the other proposed class members).

The plaintiffs here are *pro se*, without legal training and not formally trained in the law. Thus, none of them would not be able to represent the interests of a class.  While the issue of class certification is not before the Court at this time, given that there has been no formal request for such certification, the Court would nevertheless note that class certification would not be appropriate in this case given that all plaintiffs are *pro se* and the majority, if not all, are incarcerated.  However, due to the complexity presented by the joinder of numerous plaintiffs in the same action, the Court has granted in part the motion to appoint counsel that was filed by Plaintiff Carl S. Jones, Jr., and it has directed the Clerk to make three requests for *pro bono* representation.  (ECF No. 27.)  But, plaintiffs have been warned that the case will have to procced without counsel if no attorney accepts representation.

As to Cody Smith's motion to be added as a plaintiff to the class, the Court will deny the motion because there has been no class certified and there will likely be no class certified as long as the plaintiffs remain *pro se*.  However, the Court will deny the motion without prejudice to Cody Smith refiling if a class is certified.  To the extent Cody Smith wishes to be added as a plaintiff without class certification, the Court will also deny the motion because the Complaint contains no allegations with respect to Cody Smith.  If Cody Smith wishes to pursue an action

against the named Defendants for the same conduct, then he is free to initiate a separate case. Accordingly, the following Order is now entered.

**AND NOW**, this 23rd day of September, 2021,

**IT IS FURTHER ORDERED** that the Motions for Leave to Proceed *in forma pauperis* filed by Plaintiffs Elijah Price (ECF No. 21), Devon Thompson (ECF No. 23) and Martell Smith (ECF No. 25) are **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to mail a copy of the Complaint, without the exhibits, to the following plaintiffs:  Anthony Lee, Courde Daye, Daelon Hill-Johnson, Daniel Miles, Daymond Wiggins, Devin Hale, Devon Thompson, Elijah Price, Geron Anderson, Jaque David, Jeremy Carson, Jermaine Dehonney, Juan Hayden, Mario Wall, Martell Smith, Roman Jones, Stephen Day, To-Michael Sherrell, Zai-Quan Henderson, Jermaine Rodgers, Thomas Morton, and Raymond Harrison.[2]  These plaintiffs shall have until October 25, 2021, to sign and return the Complaint.  If any plaintiff fails to comply then they will be dismissed from this action for failure to prosecute.

**IT IS FURTHER ORDERED** that the following plaintiffs have until October 25, 2021, to update their address with the Court:  Charles Lantzy, Christian Stevens, Jaimone Robinson, Justin Parrotte, Nathaniel Weatherspoon, Racoco Williams, and William Lynn.  If any plaintiff fails to comply then they will be dismissed from this action for failure to prosecute.  For the plaintiffs that do comply by the deadline then the Clerk of Court is directed to mail them a copy of this Order along with a copy of the Complaint so that they, too, can sign and return it.

---

[2] This includes all plaintiffs except Carl S. Jones, Jr., who has already signed the Complaint, and Charles Lantzy, Christian Stevens, Jaimone Robinson, Justin Parrotte, Nathaniel Weatherspoon, Racoco Williams, and William Lynn, whose mail was returned to sender with notations that they have been released from the Allegheny County Jail.

**IT IS FURTHER ORDERED** that the Motion to be Added as a Plaintiff filed by Cody Smith (ECF No. 16) is **DENIED** without prejudice.  The Clerk of Court is directed to mail a copy of this Order to Cody Smith.

**IT IS FURTHER ORDERED** that the plaintiffs are under a continuing obligation to notify the Court of any change in their address by filing a separate document entitled "Notice of Change of Address."  Failure to do so may result in the dismissal of this case against them if the Court or defendants are not able to serve documents upon the plaintiffs because they have not kept their address of record current.

**AND IT IS FURTHER ORDERED** that the plaintiffs are allowed fourteen (14) days from this date to appeal this order to a District Judge pursuant to Rule 72.C.2 of the Local Rules. Failure to appeal within fourteen (14) days may constitute waiver of the right to appeal.

Lisa Pupo Lenihan
United States Magistrate Judge


Cc:     Anthony Lee, 75466
        Courde Daye, 179147
        Daelon Hill-Johnson, 180163
        Daniel Miles, 142047
        Daymond Wiggins, 105678
        Devin Hale, 183220
        Devon Thompson, 108669
        Elijah Price, 189038
        Geron Anderson, 173396
        Jaque David, 159376
        Jeremy Carson, 176566
        Jermaine Dehonney, 163725
        Juan Hayden, 19930
        Mario Wall, 95319
        Martell Smith, 46430
        Roman Jones, 158919

Stephen Day, 96266
To-Michael Sherrell, 178107
Zai-Quan Henderson, 188709
Jermaine Rodgers,187466
Allegheny County Jail
950 Second Ave.
Pittsburgh, PA  15219

Carl S. Jones, Jr.
QK9540
SCI Smithfield
1120 Pike Street
Huntingdon, PA  16652

Thomas Morton
QK9595
SCI Smithfield
1120 Pike Street
Huntingdon, PA  16652

Raymond Harrison, 174650
Renewal Inc.
339 Boulevard of the Allies
Pittsburgh, PA  15222

Cody Smith
QK-9614
SCI Smithfield
1120 Pike Street
Huntingdon, PA  16652