# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CARL S. JONES JR.,               )
                                    )         Civil Action No. 21-1094
                 Plaintiff,      )
                                    )         District Judge Joy Flowers Conti
           v.                 )         Magistrate Judge Lisa Pupo Lenihan
                                    )
COUNTY OF ALLEGHENY and     )
ORLANDO L. HARPER,        )         ECF No. 14
                                    )
             Defendants.

## REPORT AND RECOMMENDATION

I.      RECOMMENDATION

It is respectfully recommended that the Motion for Preliminary Injunction filed by Plaintiff Carl S. Jones Jr. (ECF No. 14) be denied.

II.      REPORT

This case is before the Court on Plaintiff's Motion for a Preliminary Injunction (ECF No. 14.)  In his motion, Plaintiff requests that the Court grant him a preliminary injunction consisting of single cell status at SCI-Smithfield to prevent him from being exposed to COVID-19.

The party seeking preliminary injunctive relief has the burden of demonstrating: (1) a reasonable probability of success on the merits; (2) irreparable harm if the injunction is denied; (3) that the issuance of an injunction will not result in greater harm to the non-moving party; and (4) that the public interest would best be served by granting the injunction.  *Council of Alt. Political Parties v. Hooks*, 121 F.3d 876, 879 (3d Cir. 1997); *Clean Ocean Action v. York*, 57 F.3d 328, 331 (3d Cir. 1995); *Opticians Ass'n of America v. Indep. Opticians of America*, 920

F.2d 187, 191-92 (3d Cir. 1990).  The Court should issue the injunction only if the movant

produces evidence sufficient to convince the trial judge that all four factors favor preliminary

relief.  *Opticians*, 920 F.2d at 192 (citing *ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir.

1987)).

The purpose of the preliminary injunction is to preserve the status quo until the rights of

the parties can be fairly and fully litigated and determined by strictly legal proofs and according

to the principles of equity.  *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980).  Thus, the

grant of injunctive relief is an "extraordinary remedy which should be granted only in limited

circumstances."  *American Tel. & Tel. Co. v. Winback and Conserve Program, Inc.*, 42 F.3d

1421 (3d Cir. 1994) (quoting *Frank's GMC Truck Center, Inc. v. General Motor Corp.*, 847 F.2d

100, 102 (3d Cir. 1988)), *cert. denied*, 514 U.S. 1103 (1995).  The facts clearly must support a

finding that immediate and irreparable injury will result to the movant if preliminary relief is

denied.  *See United States v. Stazola*, 893 F.2d 34, 37 n.3 (3d Cir. 1990).  The plaintiff bears the

burden of establishing a "clear showing of irreparable injury."  *Hohe v. Casey*, 868 F.2d 69, 72

(3d Cir. 1989), *cert. denied*, 493 U.S. 848 (1989); *ECRI*, 809 F.2d at 226 (it is not enough to

merely show irreparable harm; the plaintiff has the burden of showing immediate irreparable

injury, which is more than merely serious or substantial harm and which cannot be redressed

with money damages).  Absent a showing of immediate, irreparable injury, the court should deny

preliminary injunctive relief.  *Acierno v. New Castle Cnty.*, 40 F.3d 645, 655 (3d Cir. 1994).

Moreover, in the prison context, a request for injunctive relief "must always be viewed

with great caution because 'judicial restraint is especially called for in dealing with the complex

and intractable problems of prison administration.'"  *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir.

1995) (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)).  Where a plaintiff requests

an injunction that would require the Court to interfere with the administration of a prison,

"appropriate consideration must be given to principles of federalism in determining the

availability and scope of equitable relief." *Rizzo v. Goode*, 423 U.S. 362, 379 (1976).  The

federal courts are not overseers of the day-to-day management of prisons.  Prison officials

require broad discretionary authority as the "operation of a correctional institution is at best an

extraordinarily difficult undertaking." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974).

Accordingly, prison administrators should be accorded wide-ranging deference in the adoption

and execution of policies and practices that are needed to preserve internal order and to maintain

institutional security.  *Beard v. Banks*, 548 U.S. 521, 528 (2006); *Bell v. Wolfish*, 441 U.S. 520,

527 (1979).

 With the above considerations in mind, Plaintiff has not demonstrated that preliminary

injunctive relief is warranted in this case.  Plaintiff's allegations concern conditions that he now

faces at SCI-Smithfield rather than at the ACJ, and therefore, constitute an impermissible basis

for seeking injunctive relief.[1]  That is, the issuance of a preliminary injunction is to preserve the

status quo and prevent irreparable harm until the court has an opportunity to rule on the merits of

---

[1] *See*, *e.g.*, *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (finding that because plaintiff's motion was based on new assertions of mistreatment that are entirely different from the claim raised and the relief requested in the original lawsuit, they cannot provide the basis for a preliminary injunction); *Spencer v. Stapler*, No. 04-1532, 2006 WL 2052704, at *9 (D. Ariz. July 21, 2006) (denying plaintiff's motion for injunctive relief because it concerns events unrelated to the subject of his complaint and concerns conduct of persons other than the named defendants); *Westbank Yellow Pages v. BRI, Inc.*, No. 96-1128, 1996 WL 255912, at *1 (E.D. La. May 13, 1996) (determining that a preliminary injunction is not an appropriate vehicle to obtain relief that is not sought in the underlying action); *Williams v. Platt*, No. CIV-03-281, 2006 WL 149024, at *2 (W.D. Okla. Jan. 18, 2006) (concluding that "[a] preliminary injunction would be inappropriate to address wrongs wholly unrelated to the complaint").

the pending lawsuit.  *See Acierno,* 40 F.3d at 647.  If Plaintiff seeks relief against officials at

SCI-Smithfield[2], he must file a civil action against them. As such, the Motion should be denied.

III.     CONCLUSION

For the above reasons, it is respectfully recommended that the Motion for Preliminary

Injunction filed by Plaintiff Carl S. Jones Jr. (ECF No. 14) be denied.

Dated: October 4, 2021

**BY THE COURT**:

Lisa Pupo Lenihan
UNITED STATES MAGISTRATE JUDGE

cc:   Carl S. Jones Jr.
      QK9540
      SCI Camp Hill
      P.O. Box 8837
      2500 Lisburn Road
      Camp Hill, PA 17001

---

[2] Only an ACJ official and Allegheny County are named Defendants in the case at bar.  Importantly, on September 27, 2021, the Clerk of Court docketed Plaintiff's Notice of Change of Address (ECF No. 34) indicating that on September 21, 2021, Plaintiff was removed from SCI Smithfield and transferred to SCI Camp Hill.